**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MOBILE MOTHERBOARD INC.,

Plaintiff,

v.

AIOEXPC, ALADAWN and AKLWY,

Defendants.

No. 24 CV 8703

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mobile Motherboard sued defendants AIOEXPC, ALADAWN, and AKLWY for patent infringement. After I granted judgment on the pleadings, Mobile Motherboard moved to alter or amend the judgment. For the reasons discussed below, the motion is denied.

## I.    Legal Standards

Granting a motion under Rule 59(e) is extraordinary relief, appropriate when a moving party clearly establishes that the court committed a manifest error—factual or legal—or that newly discovered evidence precluded entry of judgment. *Vesey v. Envoy Air, Inc.*, 999 F.3d 456, 463 (7th Cir. 2021) (quoting *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015)) (citing *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013)). A manifest error "is not demonstrated by the disappointment of the losing party," instead, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). A motion for

reconsideration "does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

A Rule 60(b) motion to reconsider "applies only to a final judgment, order, or proceeding." *Carnes v. HMO La., Inc.*, 114 F.4th 927, 929 (7th Cir. 2024) (quoting *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015)). Like Rule 59(e), "[r]elief under Rule 60(b) is an extraordinary remedy reserved for extraordinary circumstances." *Word Seed Church v. Vill. of Homewood*, 43 F.4th 688, 690 (7th Cir. 2022).

## III.   Facts

Plaintiff Mobile Motherboard Inc. holds the right, title, and interest in Reissued Patent No. RE48,365. [29] ¶¶ 6–7. [1] The patent is for a computer system made up of a computer box with internal circuitry and communication ports and a separate, portable, and handholdable motherboard that connects externally to the computer box and enables the computer box to perform computing operations, or, if the computer box is one with a processor, to add to the computing power of the computer box's processor. [29-4] at 2, 17, 19.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed on the top of filings. The facts are taken from the plaintiff's amended complaint, [29], and copy of the '365 patent [29-4].

Defendants AIOEXPC, ALADAWN, and AKLWY are Chinese companies who make and sell products, including a handheld computer stick. [29] ¶ 9. Mobile Motherboard alleges that defendants' handheld computer sticks infringe its patent. [29] ¶ 10.

## IV.    Analysis

Mobile Motherboard argues that judgment should be vacated because I relied on arguments not raised by defendants without giving Mobile Motherboard a chance to respond, because I made manifest errors of fact and law, and because the amended complaint put defendants on notice of what activity is being accused of infringement. Mobile Motherboard also asks for leave to amend its complaint.

### A.    Vacate Judgment

Mobile Motherboard says that judgment should be vacated because I relied on an argument not raised by the defendants in their motion for judgment on the pleadings without giving it a chance to respond. It says I raised, sua sponte, the position that Mobile Motherboard asserted that the defendants' products are the claimed "computer box," which both parties and I had previously agreed was not its position. It says I erred because I did not give it an opportunity to respond to this issue.

In my previous opinion, I found that Mobile Motherboard's claim chart attached to its amended complaint "reveal[ed] an inconsistency that is fatal to its infringement case." [53] at 5 (quoting *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021)). Because Mobile Motherboard's claim chart alleged that the

defendants' computer sticks fulfilled the claim limitations for a computer box, and that they also fulfilled the claim limitations for the motherboard, the claim charts alleged a product that could not fulfill the claim limitation that there was a computer box and a motherboard external to that computer box. [53] at 5–6. Essentially, the patent claims a two-part system with a computer box and an external motherboard, but the allegations in the complaint show that the computer stick does not rely on the same separation disclosed in the patent, which is inconsistent with the allegations of infringement.

Defendants had argued in their motion for judgment on the pleadings that their products could not satisfy the motherboard limitations in the patent because "the motherboard of Defendants' products also sits inside a housing, or computer box." [38] at 9. They said that "unlike the claimed invention, the motherboard included in Defendants' products is integrated to Defendants' products." [38] at 10. Defendants pointed out that Mobile Motherboard's "claim charts submitted in support of infringement … clearly show[] that Defendants' accused products include a complete computer system," which included the components of a computer, like circuitry that handles interactions with peripherals in the system, built-in RAM, memory, modem, and graphics card. [38] at 14. On the other hand, the figures in the '365 patent did not include certain components in the claimed motherboard that are present in a complete computer system and in defendants' products. [38] at 16–18.

In using the language "external," I rephrased the defendant's arguments to mirror the patent's language to show that the way the accused products were

described in the complaint was inconsistent with Mobile Motherboard's theory of infringement. Defendants argued that their product was an integrated motherboard and computer box—which I agreed with. [53] at 5–7. If a motherboard is integrated into a computer box, then it cannot be external to that computer box. *See* "Integrated," Oxford English Dictionary, available at https://perma.cc/WLX2-LU4B (second definition reading "Uniting in one system several constituents previously regarded as separate.").

Because the claim chart shows that the defendant's products fulfill both the motherboard limitations and the computer box limitations, the complaint alleges a product that is inconsistent with the patent, which requires a motherboard separate from—external to—the computer box. This is what defendants argued in their motion for judgment on the pleadings, and so the rationale for the judgment was not sua sponte.

Even if it were, however, district courts may dismiss complaints sua sponte "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). The complaint, on its face, describes a product that is inconsistent with Mobile Motherboard's theory of infringement. I decline to vacate or amend the judgment on this basis.

Mobile Motherboard also contends that I misunderstood the parties' positions and failed to view all facts and make inferences in Mobile Motherboard's favor. Mobile Motherboard's argument for infringement is that the defendants' computer sticks are the claimed motherboard of the '365 patent, and that defendants infringe the patent

5

when they instruct their customers to use the computer sticks with an external monitor, projector, or television. Mobile Motherboard argues that all parties agreed that a monitor, projector, or television are the "computer box" claimed in the patent, and that I interpreted images in the claim charts to find otherwise, which failed to take all inferences in its favor.

By saying the computer sticks are "computer boxes," I do not mean that that was Mobile Motherboard's theory of infringement. Rather, that is what Mobile Motherboard alleged in the claim charts, and by doing so, pleaded itself out of court. Relying on the claim charts makes sense; Mobile Motherboard articulates its theory of infringement in the charts. *See, e.g.*, [29] ¶ 21 ("Infringement by the Infringing Products is demonstrated by the claim chart in Exhibit 3 for claim 1 and Exhibit 4 for claims 3, 7, 11, 13, 17, 21, 22, and 23 of the Patent."). In the charts, Mobile Motherboard has shown how the defendants' products are not just a motherboard, but also include a housing, circuitry enclosed by the housing, a bus internal to the housing connected to the circuitry, and a first communication port for enabling electrical connection of circuitry external to the housing to the internal bus— limitations of the claimed computer box. [29-5] at 7, 10–11, 17–18, 23–26. The charts also show how defendants' products include many of the limitations of the motherboard, including that they are handheld, and that they have a central processor, a motherboard bus connected to the processor, a motherboard connector for connecting to the computer box's first communication port, and at least one second

communication port for enabling electrical connection to external circuitry. [29-5] at 29–30, 33–35, 37–38, 42–43.

Infringement of the '365 patent requires two things: 1) a computer box and 2) a portable, handheld motherboard external to the computer box. In its complaint, Mobile Motherboard shows that defendants' products do not separate their functionality the way the patent describes the invention. Defendants' product fulfills all the claim limitations of the computer box and nearly all the claim limitations of the motherboard in one place—leaving the "external" limitation unfulfilled.

A monitor, projector, or television could be a computer box. But even if that's true, the allegations in Mobile Motherboard's complaint show that the defendants' products *also* fulfill the claim limitations of a computer box. The patent requires a separate computer box and motherboard, but the claim charts show that defendants' products have both in one product. The computer sticks are not simply motherboards, but also housed with circuitry, communication ports, and an internal bus that creates a full computer system—revealing that they cannot infringe the patent, even if also used with a second computer box, like a monitor. Taking all inferences in Mobile Motherboard's favor, it has still pleaded itself out of court by showing that defendants' products contain both elements of a computer box and a motherboard. Although I must take inferences in Mobile Motherboard's favor, I am not required to ignore inconsistencies in the pleadings. *R.J.R. Servs., Inc. v. Aetna Case. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989); *Bot M8*, 4 F.4th at 1354. And although the final infringement contentions do not point directly to the computer sticks' components as

fulfilling the "computer box" limitations, they still do not cure the pleading, because they still include the specifications of the computer sticks, which show that the sticks do contain elements of the computer box limitations. Because the computer sticks have motherboards integrated into a computer box, they cannot be the "external" motherboard required by the patent.

Finally, Mobile Motherboard says that their complaint is enough to put defendants on notice of what activity is being accused of infringement. But notice is not the only requirement under the pleading standard; a complaint must "state a claim to relief that is *plausible* on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). And where the pleadings allege facts inconsistent with infringement, the complaint may not allege a plausible claim. *Bot M8*, 4 F.4th at 1353–54. That is where plaintiff's complaint falters; because it alleges too much, its claim is not plausible. The motion to alter or amend the judgment is denied.

### B. Leave to Amend

Mobile Motherboard asks for leave to amend its complaint to allege that a monitor, projector, or television is a claimed computer box. But that would not cure the problem. The operative complaint adequately alleges a monitor as computer box. The problem is that the defendants' products are more than just a motherboard, and operate as one integrated product, instead of the necessary two-product system as described in the patent. Any amendment would be futile, because the descriptions of the defendants' products that plaintiffs use to demonstrate how they are motherboards also show that the computer sticks are not just motherboards, but operate as computer systems. This is fundamentally inconsistent with the "external"

8

limitation of the motherboard claim in the patent. Leave to amend the complaint is denied.

## IV.    Conclusion

Plaintiff's motion to amend or alter the judgment, and for leave to amend, [57], is denied.

ENTER:

_____
Manish S. Shah
United States District Judge

Date: May 29, 2026

9